ROBERT LEE HEWETT v. CONSTRUCTOR'S SUPPLY COMPANY, INC., EMPLOYER AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER

No. 7510IC865

(Filed 5 May 1976)

Master and Servant § 65— workmen's compensation — back injury — no accident

    Evidence was sufficient to support the Industrial Commission's conclusion that there was no accident when plaintiff painter moved from a squatting position to a standing position.

APPEAL by plaintiff from an opinion and award of the Industrial Commission entered 24 July 1975. Heard in the Court of Appeals 17 February 1976.

The evidence for the plaintiff tended to show that he was employed by the defendant employer on or about 13 August 1974, and had been so employed for approximately 2 or 3 months. The plaintiff was employed as a "yard man." At the time of his alleged injury, he was assigned work as a painter. On the date in question, he was painting cement bins. An overhead beam necessitated his working from a squatting position. It was the first time he had worked in that squatting position. Plaintiff had worked in this position for approximately 1½

hours when a fellow employee requested that plaintiff help him out with some windows. As the plaintiff climbed out of the bin and straightened up, he experienced pain in the lower back area. Believing his ailment to be only a "catch" in his back, plaintiff continued to work until the pain became so severe he had to leave work and seek medical attention. Plaintiff received some medical treatment and was hospitalized twice.

Plaintiff offered the testimony of two co-workers who testified that claimant had, on the date in question, told them that he had hurt his back.

Defendants presented no evidence.

The hearing officer for the Industrial Commission found the facts to be substantially the same as those set out above and from those facts concluded that "Plaintiff sustained an injury arising out of and in the course of his employment on August 13, 1974. Such injury was not the result of an accident, however, and only those injuries suffered as a result of accident are compensable. G.S. 97-2(6)."

Based on this conclusion the hearing officer denied the plaintiff's claim, set an expert witness fee to be paid by the defendants and held that each side should bear its own cost. Thereafter, on appeal of the decision by the claimant, the full Commission issued an opinion and award affirming the opinion and award of the deputy commissioner, with one dissent.

From the opinion and award of the Commission, the plaintiff appealed.

*Clayton, Myrick, McCain and Oettinger, by Grover C. Mc-Cain, Jr., for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay, by I. Edward Johnson, for defendant appellees.*

VAUGHN, Judge.

The hearing before the hearing officer was conducted on 14 January 1975, and that opinion and award was filed 21 January 1975. The record discloses that thereafter claimant retained his present counsel and, on 19 June 1975, moved that the matter be remanded for the taking of additional evidence. This motion was supported by an affidavit of the claimant. The thrust of this affidavit is that claimant says he first noticed

pain after he dropped 10 feet from the top of the bin to the floor and fell when his right foot slipped on a wet spot on the floor. There was no reference to such an episode at the hearing in January, 1975. At that hearing in January, on cross-examination, defendant admitted executing a statement on 26 August 1974. That statement was admitted into evidence. In that statement, defendant did not mention a "fall" and the statement was generally consistent with his testimony at the hearing. A little over a month after claimant filed this motion and affidavit, the Commission, on 24 July 1975, entered its opinion and award affirming the award of the hearing officer. Apparently no action was taken on the motion. Neither the motion nor the affidavit is the subject of an exception and neither is mentioned elsewhere in the record or briefs.

On appeal, claimant contends that the Commission's conclusion that claimant's injury was not the result of an accident is inconsistent with the findings of fact. We concur with the implicit conclusion of the Commission that, on the evidence in this case, there was no accident when this painter moved from a squatting position to a standing position. The order is affirmed.

Affirmed.

Chief Judge BROCK and Judge CLARK concur.