The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award except for the minor changes to Conclusion of Law (2) and Award Paragraph (4) relating to the parties' 13 September 1995 Stipulation regarding salary continuation.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing and in the Pre-Trial Agreement, filed on 14 June 1995, as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties on 22 June 1994.
2. Defendant was self-insured through N.C.F.A.-S.I.F., with Aegis Administrative Services as the third-party adjusting service.
3. Plaintiff's average weekly wage was $475.00, which yields a compensation rate of $316.68.
4. Plaintiff was out of work from 22 June 1994 until 3 March 1995, at which time he returned to work with G.E. Piland Sons, Inc., at the same salary.
5. At the hearing, the following exhibits were made a part of the record.
 a. Plaintiff's Exhibit (1) — 2 two-foot lengths of 5/16 inch chain;
b. Plaintiff's Exhibit (2) — Videotape of logging operation;
 c. Recorded Statements of Plaintiff, taken 16 and 24 August 1994;
d. Plaintiff's medical records (119 pages).
6. The issue for determination is whether plaintiff sustained a compensable injury on 22 June 1995.
Subsequent to the filing of Deputy Commissioner Dollar's Opinion and Award in this matter, the parties Stipulated to the fact that plaintiff had been paid his full salary of $475.00 per week from 23 June 1994 through 2 March 1995 and that because of this salary continuation, plaintiff is not entitled to any further temporary total disability compensation such as was Awarded.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 22 June 1994, plaintiff was a 37 year old male who was employed as a foreman with defendant, logging company. Plaintiff had over fourteen years of experience as a logger with defendant, during which he had performed most of the jobs on the crew.
2. On 22 June 1994, plaintiff was running a cutter on a logging site in Powellsville. When plaintiff came out of the woods at approximately 11:45 a.m. to have lunch, he went to the logging truck which was operated by Carl Henry Piland. Mr. Piland complained of low back pain at that time, and plaintiff offered to throw the logging chain over the load of wood on the truck.
3. It was normally the truck drivers' duty to put the chain on the load and to secure the load.
4. Plaintiff took the thirty-foot length of five-sixteenth inch logging chain and looped approximately ten feet of the chain into loops two feet long in his right hand. Plaintiff swung the looped chain with his right arm; and as his arm got to about the 10 o'clock position with the chain, he felt a sensation like the chain had torn his arm off. Plaintiff went down on his knees when this occurred, due to the pain and burning in his right shoulder. Mr. Piland witnessed this, and the chain did not clear the load.
5. Plaintiff ran the cutter in the afternoon; however, after being up all night due to pain, plaintiff went to his family doctor, Dr. Austin on 23 June 1995.
6. Dr. Austin gave plaintiff an injection and placed his right arm in a sling and authorized him to remain out of work.
7. On 29 July 1994, plaintiff was seen by Dr. Kells, an orthopedist, upon referral by Dr. Austin. Dr. Kells suspected a rotator cuff tear, even though MRI results were reported as normal. However, MRI results of 4 August 1994 disclosed a full thickness tear of supraspinatus tendon over the superior portion of the humeral head.
8. On 16 September 1994, Dr. Jeffrey B. Persons, an orthopedic surgeon, performed arthroscopic surgery for the right shoulder subacromial impingement syndrome and rotator cuff tear. Due to the extent of the rotator cuff tear, open surgery was scheduled on 9 December 1994; and acromioplasty surgery was also performed.
9. On or about 9 February 1995, distal clavicle excision was performed to treat the suprascapular nerve injury.
10. There is no evidence in the record that any treating physician has found plaintiff to be at maximum medical improvement and assigned a permanent partial disability impairment rating to plaintiff as a result of the compensable injury.
11. Plaintiff incurred expenses for travel to and from Suffolk, Virginia, for treatment arising out of the compensable injury.
* * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on 22 June 1994 when he threw a logging chain over the load of logs. An accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to results in unexpected consequences. Harding v. Thomas Howard Co.,256 N.C. 427, 124 S.E.2d 109 (1962). Circumstances sufficient to constitute an interruption of a given work routine typically involve an undertaking by the employee of duties not usual and customary. Poe v. ACME Builders, 69 N.C. App. 147,316 S.E.2d 338, cert. denied, 311 N.C. 762, 321 S.E.2d 143 (1984). In the instant case, although over the course of his years of employment with defendant, plaintiff had loaded the lumber and thrown the chain, at the time of the injury in question, plaintiff had been working as the cutter on the Powellsville site. Plaintiff had finished his morning work and had come out of the woods where his duties were performed in order to have lunch. At that time, he offered to assist Mr. Piland with a duty which was Mr. Piland's, to throw the chain over the load and to secure the load, as Mr. Piland could leave the site. The act of throwing the chain was not a part of plaintiff's duties on this site or this job. Therefore, it was an interruption of plaintiff's given work routine. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury, plaintiff was entitled to temporary total disability compensation at the rate of $316.68 per week, for the period from 23 June 1994 through 2 March 1995. N.C. Gen. Stat. § 97-29. In lieu of such compensation, defendants continued to pay plaintiff his full salary of $475.00 per week from 23 June 1994 through 2 May 1995 and are therefore entitled to a credit of seventy-five (75%) percent of the amount not due and payable to plaintiff for said period. N.C. Gen. Stat § 97-42.
3. As a result of the compensable injury, plaintiff is entitled to compensation for medical and other expenses, including travel and medication, which are incurred or to be incurred as a result of the compensable injury. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Pursuant to the above Stipulation, submitted 13 September 1995, defendants do not owe further compensation to plaintiff at this time.
2. Defendant shall pay to plaintiff's attorney a reasonable attorney's fee of twenty-five (25%) percent of the temporary total disability compensation which plaintiff would have received but for the continuation of his salary.
3. Defendants shall pay medical expenses incurred, or to be incurred, as a result of the compensable injury, including plaintiff's travel expenses to and from such treatment.
4. This Opinion and Award does not address the issue of permanent partial disability to which plaintiff may be entitled, if any. Should the parties be unable to reach an agreement regarding any such compensation, they may submit such information to the Full Commission for resolution.
 S/ ______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER
S/ ________________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER