The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
*******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured, with Carson Brooks, Inc., as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $427.95, which yields a weekly compensation rate of $285.31.
5. The issues for determination are:
 a. Whether the plaintiff sustained an injury by accident arising out of and in the course of his employment on January 29, 1996, and if so, to what benefits may he be entitled to receive under the Act.
 b. If the plaintiff's injury is found to be compensable, whether the defendant is entitled to receive a credit for short term disability benefits which plaintiff received.
7. The parties stipulated the following documents into the record:
 a. I.C. Form 22 and two pages of wage information;
b. Fifteen pages of medical records; and
 c. Statement of Gary Reinhardt, one page, marked as Plaintiff's Exhibit 1.
*******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a forty-seven year old male who was a high school graduate with degrees from Forsyth Community College in mechanical drafting and design and a certificate as a licensed mechanic.
2. The plaintiff became employed with the defendant in 1980, and he has performed the repair and inspect job. The plaintiff's duties involved inspecting finished furniture, filling in dents and touching up furniture before it was boxed for shipment. The plaintiff generally worked on the dining room table line, and he also worked as needed on the occasion line. The plaintiff had to move furniture pieces on the line in order to inspect or repair it, but did not generally lift pieces from one line to the next.
3. On January 29, 1996, the plaintiff was assigned by Terry Lawrence, his supervisor, to work on the occasion line in the wooling area, where he was to sand and wool down pieces of bedroom furniture. The plaintiff and coworker Gary Reinhardt lifted a bed headboard from the wooling line to carry to the casing line.
4. As the plaintiff lifted the headboard to carry it, he twisted his left knee, heard the knee pop, and began to experience pain. The plaintiff told Mr. Reinhardt of this episode when it occurred. While the plaintiff experienced pain in the knee the rest of his workday, he did not report the injury until the next day, when he went to Andra Bess, the plant nurse.
5. Initially, Nurse Bess provided the plaintiff with ice and ibuprofen for his knee. The plaintiff experienced another episode of his left knee popping on or about February 2, 1996, for which he returned to the nurse. The plaintiff was referred to Davie Internal Medicine, where he was seen by Dr. Gonzalez, who diagnosed him with a grade 2 knee strain. Dr. Gonzalez restricted plaintiff to limited use of his left leg.
6. The plaintiff continued to treat with Dr. Gonzalez, and after his symptoms did not improve, the plaintiff was referred on or about February 12, 1996, to orthopaedist Dr. Karl Bolstad, who diagnosed the knee problem as a torn lateral meniscus or a loose articular cartilage flap. Dr. Bolstad recommended arthroscopic surgery. The plaintiff requested a second opinion regarding whether surgery was needed, and the plaintiff returned to the employer where he advised the personnel director that Dr. Bolstad had been short with him after he suggested the second opinion.
7. The plaintiff was seen at Salem Orthopaedic Sports Medicine on February 15, 1996, and Dr. Gregg E. Cregan recommended surgery, and referred the plaintiff to Dr. Holthusen.
8. Dr. Gregory G. Holthusen confirmed the diagnosis, and performed surgery on plaintiff's left knee on March 18, 1996, and the plaintiff was temporarily totally disabled from work from March 18, 1996 through March 27, 1996. The plaintiff was released to return to regular work on March 28, 1996, at which time he returned to his regular job at the same or greater wage than the pre-injury wage.
9. The plaintiff has reached maximum medical improvement and was rated as retaining a five percent permanent partial impairment to the left leg.
10. The assignment of the plaintiff to the wooling area on January 29, 1996 constituted an interruption of his normal work routine in that it required him to lift pieces of furniture from the line and carry the pieces to another line.
11. The plaintiff received short term disability benefits through an employer-sponsored plan in the amount of $64.29.
*******************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of his employment on January 29, 1996, when he was assigned to undertake tasks which were not his usual and customary work duties. N.C. GEN. STAT. § 97-2(6); Poe v. AcmeBuilders, 69 N.C. App. 147, 316 S.E.2d 338, cert. denied, 311 N.C. 762,321 S.E.2d 143(1984).
2. As a result of the compensable injury, the plaintiff is entitled to receive temporary total disability compensation for two days at the rate of $285.31 per week. The plaintiff is not entitled to receive compensation for the first seven days. N.C. GEN. STAT. § 97-28. The defendant is entitled to a credit for short term disability benefits in the amount of $64.29. N.C. GEN. STAT. § 97-42.
3. The plaintiff is entitled to permanent partial disability compensation for ten weeks as a result of the five percent rating. N.C. GEN. STAT. § 97-31(15).
4. The plaintiff is entitled to have defendant pay for medical expenses incurred as a result of the compensable left knee injury, including the treatment provided by Salem Orthopaedic 
Sports Medicine. N.C. GEN. STAT. § 97-2(19).
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Defendant shall pay to the plaintiff temporary total disability compensation at the rate of $285.31 per week for two days, subject to a credit for the $64.29 in short term disability benefits paid to the plaintiff through the employer-sponsored plan. This compensation has accrued and shall be paid in a lump sum.
2. Defendant shall pay permanent partial impairment compensation to the plaintiff in a lump sum at the rate of $285.31 per week for ten weeks.
3. Defendant shall pay medical expenses incurred as a result of the compensable injury, including the treatment by Salem Orthopaedic Sports Medicine.
4. Defendant shall pay the costs.
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ THOMAS J. BOLCH COMMISSIONER