Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured, with Claims Management, Inc. as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The date of the alleged injury giving rise to this claim is May 31, 1995.
5. The plaintiff's average weekly wage was $141.72 yielding a compensation rate of $94.49 per week.
6. The issues for determination are:
 a. Whether the plaintiff sustained an injury by accident arising out of and in the course of her employment or, in the alternative, whether she contracted a compensable occupational disease.
 b. Whether the plaintiff's claim is barred by her failure to give notice in accordance with the provisions of N.C. Gen. Stat. § 97-22.
 c. To what, if any, benefits may the plaintiff be entitled under the Act.
7. The parties stipulated medical reports into the record:
a. Forty-two pages of medical reports,
b. Defendant's Exhibit 1, one page employment record,
 c. Defendant's Exhibit 2, one page Acknowledgment of Safety Rules, and
d. Defendant's Exhibit 3, List of Company doctors.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
FINDINGS OF FADO
1. At the time of the hearing, the plaintiff was a thirty-two year old female high school graduate who had completed one year of college. The plaintiff had worked as an inspector with Anvil Knitwear for four months in 1994, was the assistant manager and department manager with Jones Department Store for three and one-half years, and worked as a tacker with Oxford Industries in 1989 where she put labels in blazers.
2. The plaintiff was hired by the defendant-employer in November of 1994 as a cashier. The plaintiff also was an associate in the clothing and lingerie area. The staff was assigned to arrange stock when they were not performing their cashier's duty.
3. The plaintiff had a history of left knee problems for which she had sought medical treatment from Dr. Ward Oakley, Jr., since 1986, as a result of an automobile accident.
4. On or about May 30, 1995, the plaintiff was working as a cashier during the sidewalk sale for Memorial Day. The plaintiff was rearranging bottles of soft drinks on a pallet when she felt a pop in her left knee. Arranging the stock was part of plaintiff's normal job, and she did this task in the customary manner. This activity was a regular part of her job duties and did not constitute an "accident" within the meaning of the Workers' Compensation Act. Plaintiff did not report a "job-related" injury to her employer until approximately five months after the alleged injury. Also, plaintiff, did not report a "job-related" injury to Dr. Oakley on her first visit on June 5, 1995 or during numerous subsequent visits.
5. Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of employment on May 30, 1995.
***********
The foregoing stipulations and findings of fact engender the following additional:
CONCLUSIONS OF LAW
1. While the plaintiff sustained an injury to her left knee on or about May 30, 1995, that injury was not a result of an accident arising out of and in the course of the employment, within the meaning of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6). An injury which occurs under normal working conditions is not considered an accident arising out of the employment. Poe v. Acme Builders, 69 N.C. App. 147,316 S.E.2d 338, cert. denied, 311 N.C. 762, 321 S.E.2d 143(1984).
2. In the instant case, the plaintiff was performing her normal duties of rearranging stock when she felt a pop in her left knee. This was not an accident within the meaning of the law.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Defendant shall pay the costs.
 S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
BSB:jth