The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties in the pre-trial agreement, filed December 8, 1995, and at the initial hearing as
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at the relevant time.
2. The defendant was a duly qualified self-insured, with Key Risk Management Services as the servicing agent.
3. The employment relationship existed between the parties on June 16, 1994, which is the date of the claimed injury.
4. The plaintiff's average weekly wage was $256.99, which yields a weekly compensation rate of $171.34.
5. The issue for determination is whether the plaintiff sustained compensable injury, and if so, to what benefits may she be entitled.
 **********
Based upon all of the competent, credible, and convincing evidence adduced from the record, the undersigned make the following
 FINDINGS OF FACT
1. At the time of the initial hearing, the plaintiff was a thirty-seven year old female who was a high school graduate and had completed community college courses to be a certified nurse assistant.
2. In February of 1994, the plaintiff began working for defendant as a service person. Plaintiff was lifting and stacking boxes which were three feet by three feet, weighing forty to sixty pounds, and she was stacking the boxes three high.
3. On June 16, 1994, the plaintiff was lifting a box when she used her leg to help raise the box, and, as she did so, she felt a pop in her back. Shortly thereafter, the plaintiff felt numbness in her toes and leg. The plaintiff was performing her normal job in the customary way.
4. The plaintiff reported to supervisor Dwight Shumake that her leg felt funny; however, she did not relate the pain to any incident at work.
5. The defendant referred plaintiff to its company doctor at Lake Norman Medical Practice, where she was seen on June 17, 1994 by Diane Peppard, P. A. Plaintiff was diagnosed with acute neuritis of the right leg, and was authorized to remain out of work for two days.
6. Upon her return to work, the plaintiff self-referred on July 3, 1994 to Jeffrey Payne, D.C. for chiropractic treatment, which did not resolve her symptoms. On July 29, 1994, Dr. Payne referred plaintiff to orthopedist Dr. Ronald W. Benfield, who diagnosed her as having a pulled muscle in her hip.
7. Dr. Benfield treated the plaintiff's low back complaints with an epidural steroid injection at L4-5. He referred her for physical therapy, which the plaintiff did not complete.
8. Dr. Benfield released the plaintiff from his care on October 3, 1994.
9. While Dr. Benfield opined that plaintiff's hip pain was consistent with a lifting injury, there is no evidence in the record to suggest that plaintiff sustained an injury by accident arising out of and in the course of her employment. Although plaintiff felt a pop in her back, the injury was to her hip and not to her back.
 **********
The foregoing findings of fact engender the following
 CONCLUSIONS OF LAW
1. The plaintiff has failed to sufficiently or convincingly carry the burden of proof to establish that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on June 16, 1994. The mere fact of injury does not of itself establish the fact of an accident. Key v. Wagner Woodcraft., Inc., 33 N.C. App. 310, 235, S.E.2d 254 (1977). The term "accident" as used in the Act has been defined as (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause. Harding v. Thomas Howard Co., 256 N.C. 427, 124 S.E.2d 109 (1962). An injury which occurs under normal work conditions is not considered an accident arising out of employment. Poe v. AcmeBuilders, 69 N.C. App. 147, 316 S.E.2d 338, cert. denied,311 N.C. 762, 321 S.E.2d 143 (1984). Although plaintiff felt a pop in her back which could have constituted a specific traumatic incident had the injury been to her back, her injury was, in fact, to her hip and thus must have occurred under "accident circumstances" G.S. § 97-2(6).
2. In the instant case, the plaintiff was performing her normal duties when she felt a funny feeling in her left leg. The plaintiff did not sustain an injury by accident within the meaning of the law.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs, except that the defendant shall pay an expert witness fee of $170.00 to Ronald Benfield, M. D.
 **********
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the __________ day of ___________________, 1998.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws