The majority opinion concludes that, "Plaintiff did not suffer an injury by accident as that term is defined in the Act while working for defendant-employer on August 2, 1993." It appears to be uncontroverted (although not specifically stated) that plaintiff sustained an injury to his right knee on August 2, 1993 arising out of and in the course of his employment with defendant employer.
Plaintiff sustained the type of injury that generally occurs when a person's body is out of balance. At the time of injury, plaintiff was stepping backwards off of the fuel tank of a concrete mixer truck. As plaintiff stepped backwards off the truck onto the ground with his weight on his right foot, he "heard two big loud pops and fell to the ground" in pain. Plaintiff does not know what happened to his right foot as it landed on the ground. He testified that he was being real cautious because his feet were wet. The ground in the area where plaintiff stepped had some small rocks or gravel on it but plaintiff doesn't know if he stepped on a rock. Plaintiff was transported by ambulance to the hospital for treatment. Plaintiff had sustained previous injuries to the same knee in 1977 and 1981, but had not sought medical treatment since his injury resolved in 1981.
Plaintiff's condition was diagnosed as a lateral sublaxtion of the patella by Dr. McGillicudy, an orthopedic surgeon and as a right knee cap dislocation by Dr. Feagin. It was Dr. Feagin's opinion that plaintiff's injury was caused by the imbalanced manner in which he landed while backing off the truck and that the "abnormally directed force" of plaintiff's body caused the injury. He further opined that the "forces were out of balance or the injury could not have occurred." He believed that plaintiff probably twisted, but twisting was not necessary to cause this type of injury to occur; uneven ground could cause imbalance.
The complicating factor in this case is that the plaintiff does not know what happened to cause his injury because it happened so fast. He remembers backing off the truck, stepping onto the ground, feeling a popping and pain in his knee and falling. Plaintiff had stepped backwards off of a concrete truck on other occasions. The issue, therefore, is whether the medical opinion of plaintiff's doctor that plaintiff's injury was caused by his body being "out of balance" when he landed on the ground is sufficient to prove an injury by accident when plaintiff cannot articulate exactly what happened.
I do not believe plaintiff has to know what caused his injury (i.e., body out of balance) or to even describe how his body was "out of balance" in order to prove an accident. Plaintiff has met his burden by presenting an expert medical opinion that his injury would not have occurred if his body was not out of balance when he backed off the truck. Stepping backwards off of the fuel tank of the concrete mixer truck in such a manner as to place his body "out of balance" was "an unlooked for and untoward event" which was not expected or designed by the injured employee. Therefore, plaintiff sustained an injury by accident. Poe v. Acme Bldrs., 69 N.C. App. 147,316 S.E.2d 338 (1984).
I therefore respectfully DISSENT from the majority opinion herein.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER