***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Kim Cramer, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 22 September 1999 as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times.
3. The employer was insured for workers' compensation coverage at all relevant times.
4. Plaintiff-employee's average weekly wage may be determined, subject to a Form 22.
5. Plaintiff injured her left shoulder on June 26, 1998, and contends this was as a result of an injury by accident arising out of and in the course of her employment with The Summit, which the Defendants deny.
6. Post-hearing, the parties submitted a set of stipulated medical records, which were received on February 15, 2000.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On the date of the hearing, Plaintiff was 44 years of age. She finished high school and is trained as a certified nursing assistant (CNA). She has been working as a CNA for about 15 years. In 1998, she was working in private duty nursing, first for The Summit and then for Intermediate Medical Services.
2. As part of her normal duties as a certified nursing assistant, plaintiff regularly changed diapers on adult patients. On any typical day, she may have changed a patient's diaper and also the patient's clothing. As part of this duty, she would regularly lift or move patients.
3. On her third day of employment with The Summit, June 26, 1998, as plaintiff was attempting to change the diaper of a total care patient, plaintiff's left shoulder dislocated. Plaintiff testified at one point that she was attempting to lift the patient when her left shoulder came out of joint. Later, plaintiff testified that she was attempting to slide the patient or straighten out her legs, and the patient moved her legs or shifted. It is not clear from her testimony at which point she contends the injury occurred.
4. The patient, who weighed about 121 pounds, was immobile and contracted. As testified by the other nursing assistants who regularly worked with this patient, she was unable to kick out or voluntarily shift her weight, so she could not have moved her legs as plaintiff implied in her testimony. In order to change her diapers, the nursing assistants would roll her over on one side and then back. There was nothing unusual in the circumstances under which Plaintiff was attempting to change this patient's diaper on this occasion. Plaintiff regularly lifted and moved patients and changed their diapers.
5. Plaintiff testified that she was surprised at the patient's weight, although the patient was not particularly heavy. Plaintiff's subjective assessment of the patient's weight, even if miscalculated, is not an interruption of her normal work routine. Plaintiff would be required to work with new patients from time to time and to make such assessments of a patient's weight.
6. After the incident, Plaintiff sought immediate assistance from another CNA, Cindy Myers, and a nurse, Caren Hutchinson, who both worked with her. She told Ms. Myers and Ms. Hutchinson that her arm had slipped out of joint, that this had happened before, and that she would not need the assistance of a doctor if she could get her arm back into place. Ms. Hutchinson did not want to herself try to put the arm back in place and told Plaintiff to seek medical assistance from their workers' compensation physician.
7. The testimony of the treating physicians, Dr. Doyle and Dr. DePaolo, shows that the dislocation of the Plaintiff's left shoulder could be caused by the duties a CNA may regularly carry out, such as lifting patients. Although lifting the patient may be causally connected to the dislocation, it was the same type of lifting that plaintiff normally did in her work as a certified nursing assistant. There was nothing different on this occasion.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
The law in North Carolina has different compensability requirements for different types of injuries. Injuries not to the back, such as plaintiff's in this case, require an interruption of plaintiff's work routine or the introduction of unusual conditions likely to result in an unlooked-for event or unexpected consequences. No such interruption or introduction occurred in this case and plaintiff's case is therefore noncompensable. Poe v. Acme Builders, 69 N.C. App. 147, 316 S.E.2d 338
(1984). Had plaintiff's injury occurred under the exact same circumstances and resulted in an injury to her back rather than her shoulder, this case would be compensable under the existing specific traumatic incident law. However, given the facts of this case and the existing law, plaintiff has failed to prove by the greater weight of the evidence that the injury she sustained on June 26, 1998 was caused by an accident arising out of and in the course of her employment with the Defendant-employer. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby Denied.
2. Each side shall pay their own costs, except that defendants shall pay the expert witness fees previously assessed.
 S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________________________ RENEE C. RIGGSBEE COMMISSIONER
DISSENTING:
S/_____________________________ THOMAS JEFFERSON BOLCH COMMISSIONER