It is well settled that an "accident," within the meaning of the Workers' Compensation Act, is in an unlooked for and untoward event that is not expected or designed by the injured employee. Conrad v. Cook-LewisFoundry Co., 198 N.C. 723, 153 S.E. 266 (1930). Unusualness and unexpectedness are the essence of an accident. Davis v. Raleigh RentalCenter, 58 N.C. App. 113, 292 S.E.2d 763 (1982). As such, an accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas Howard, Co., 256 N.C. 427,124 S.E.2d 109 (1962). Circumstances sufficient to constitute an interruption of a given work routine typically involve an undertaking by the employee of duties not usual and customary. Poe v. Acme Bldrs.,69 N.C. App. 147, 316 S.E.2d 338, cert. denied, 311 N.C. 762,321 S.E.2d 143 (1984).
The majority has erred in finding that plaintiff did not sustain a compensable injury by accident on August 21, 2000, when plaintiff injured his calf muscle while stepping off the back of his truck. The evidence of record, including plaintiff's testimony, shows that plaintiff was instructed by defendant-employer, via radio, to pull his truck over and onto the side of a well-trafficked road to determine the delivery address of some freight. Plaintiff testified that he had never before been requested to do such an act. Plaintiff felt he had to "hurry up" and work "fast and as safely as [he] could" because of the position of his truck on the road. While hurrying out of the back of the truck to return safely along his route, plaintiff injured his calf as he stepped off the truck's ICC bar.
The majority has erred in concluding that plaintiff's injury was not an injury by accident because plaintiff had stepped off the back of his truck on other occasions and, thus, no unusual condition had occurred. However, plaintiff testified that such act was "out of the ordinary," as he does not usually climb off the back of his truck. Most of plaintiff's deliveries involve a loading dock. When a dock is not present, plaintiff has the freight placed on the back of the truck so he does not have to climb into the back to retrieve it. The majority has narrowly focused on the mechanical act of plaintiff's injury, instead of looking at the totality of the situation in which plaintiff's injury occurred. Although plaintiff admits he has climbed off the back of his truck on occasion, such incidents had never involved the dangerous and potentially perilous act of being pulled over on the side of a well-trafficked road. The majority has considered only the act of stepping down from the truck itself, and not the dangerous conditions present when plaintiff's injury occurred. But for such conditions, it is difficult to assert the injury would have happened.
The evidence of record shows that plaintiff, while in the course of his work routine, was interrupted and unexpectedly required to climb hurriedly into the back of his truck. Climbing into and out of his truck hurriedly on a well-trafficked road was not usual or customary. Thus, plaintiff's injury from such an unlooked for and untoward event, which wasnot expected or designed by plaintiff, undoubtedly constitutes an injury by accident within the meaning of the Workers' Compensation Act. For these reasons, I respectfully dissent from the majority's Opinion and Award.
This 24th day of March 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER