***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Gheen with minor modifications.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the alleged injury, defendant-employer employed plaintiff and defendant-employer had three or more employees.
2. Key Risk Management Services provided defendant-employer with workers' compensation insurance at the time of the incident that is the subject of this claim.
3. Plaintiff was twenty-nine years old at the time of the hearing before the Chief Deputy Commissioner.
4. Plaintiff began employment with defendant-employer at North Belmont Elementary School in Belmont, North Carolina, during the 2002 — 2003 school year. Plaintiff transferred to Woodhill Elementary School in Gastonia, North Carolina in August 2003.
5. On January 15, 2004, plaintiff sustained an injury to her right knee when she stood up after sitting on a child-sized chair. Plaintiff was seated on the chair while working with a child in her classroom. When plaintiff rose from the chair, she felt a "pop" in her right knee.
6. Plaintiff testified that she sat in child-sized chairs in the regular course and scope of her employment as an assistant kindergarten teacher at both Woodhill Elementary and North Belmont Elementary School during the 2002 — 2003 school year.
7. Additionally, plaintiff testified that she was trained to sit in the child-sized chairs in performing her job as a kindergarten teacher's assistant in order to work at the children's eye level.
8. Plaintiff, upon specific questioning, recounted that there was nothing out of the ordinary about the incident that caused her January 15, 2004 knee injury other than the "pop" she felt and the injury itself.
9. Bobbi Holland, principal at Woodhill Elementary at the time of the alleged incident, testified that the arrangement of the classroom in which plaintiff worked at Woodhill Elementary required teachers and assistants to sit in child-sized chairs in order to interact with students. Ms. Holland's credible testimony corroborates plaintiff's testimony that plaintiff frequently used child-sized chairs in the course and scope of her job at Woodhill Elementary.
10. No evidence in the record indicates anything out of the ordinary about the incident that caused plaintiff's January 15, 2004 knee injury.
11. Plaintiff was out of work as a result of her right knee injury from January 15, 2004 until March 15, 2004.
12. Plaintiff remains employed by defendant-employer.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The mere fact that plaintiff suffered an injury does not establish the fact of accident. Hensley v. Farmers Federal Co-Operative, 246 N.C. 274,98 S.E.2d 289 (1957). The injury and the accident are separate and there must be an accident that produces the injury before the employee can be awarded compensation. "Accident" is defined as an unlooked for and untoward event that is not expected or designed by the person who suffers the injury. The elements of "accident" are the interruption of the routine of work and the introduction of unusual conditions likely to result in unexpected consequences. Poe v. Acme Builders, 69 N.C. App. 147,316 S.E.2d 338, disc. review denied, 311 N.C. 762, 321 S.E.2d 143 (1984).
2. In the present case, plaintiff's January 15, 2004 right knee injury occurred while she was working in the normal course and scope of her employment with defendant-employer as a kindergarten teacher's assistant. However, there was no unforeseen or unusual event that amounted to an interruption of the normal work routine. Other than the injury itself, plaintiff has not proven by the greater weight of the evidence that the injury qualifies as a compensable injury by "accident" under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6); Porter v. Shelby Knit, Inc.,4 N.C. App. 22, 264 S.E.2d 360 (1980).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits under the North Carolina Workers' Compensation Act is hereby, DENIED.
2. Each side shall bear its own costs.
This the 15th day of July 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING IN A SEPARATE OPINION:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER