The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Houser with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission, and that the Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. An employer-employee relationship existed between plaintiff-employee and defendant-employer prior to and on March 25, 2009.
5. Accident Fund Insurance Company is the carrier on the risk for defendant-employer.
6. Plaintiff's compensation rate is to be determined and will be based on an Industrial Commission Form 22 and wage records.
7. Plaintiff sustained an injury on March 25, 2009.
8. Defendants have denied liability for plaintiff's wrist injury pursuant to an Industrial Commission Form 61.
9. At and subsequent to the hearing before the Deputy Commissioner, the parties submitted the following:
 a. A Packet of Various Stipulated Exhibits, which was admitted into the record and marked as Stipulated Exhibit (2) and which included the following:
 i. GPS Printouts;
 ii. Wage Records From 2008-2009; *Page 3 
 iii. A Worksheet from Epic Enterprises dated March 25, 2009;
 iv. Timecards;
 v. A Photograph of Defendant-Employer's Work-Van;
 vi. Photographs of Saunders Supply and Epic Enterprises and;
 vii. Medical Records;
 b. A Packet of Industrial Commission Forms, which was admitted into the record and marked as Stipulated Exhibit (3) and;
 c. Invoice Records From Hubbard Pipe Supply, which are admitted into the record and marked as Stipulated Exhibit (4).
10. Also made part of the record is the deposition of Mr. Tim Bailey.
 ***********
The following were admitted into the record by the Deputy Commissioner as:
 EVIDENCE a. A Copy of Transcribed Notes of the Adjuster, which was admitted into the record and marked as Plaintiff's Exhibit (1).
 b. A "GPS" Summary of Plaintiff's Timecards, which was admitted into the record and marked as Defendant's Exhibit (1).
 *********** ISSUES TO BE DETERMINED
1. Whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on March 25, 2009, and if so, to what indemnity and medical compensation, if any, is he entitled; and
2. What is plaintiff's applicable average weekly wage and compensation rate. *Page 4 
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the date of the hearing before the Deputy Commissioner, plaintiff was thirty-eight (38) years of age with his date of birth being December 10, 1970.
2. On March 25, 2009, plaintiff was employed by defendant-employer as a service tech, salesman, and supervisor for an installation crew. As of that date, plaintiff had been employed in that capacity for approximately five years.
3. Also on March 25, 2009, defendant-employer assigned plaintiff to perform work on an air handler at Epic Enterprises. Part of plaintiff's duties in this regard required him to load and unload equipment from a work van provided by defendant-employer. On the date in question, the work at Epic had been completed, and plaintiff was attempting to secure an extension ladder to the top of the van when he fell, injuring his left arm and wrist.
4. GPS records reflect that plaintiff arrived at Epic at approximately 11:59 a.m. When the job was completed, Mr. Mike Whitaker, an employee of Epic, signed defendant-employer's invoice. Plaintiff departed from Epic at approximately 12:45 p.m., with his workday for defendant-employer being completed. Plaintiff then drove to Saunders Supply to purchase PVC pipe for his personal use.
5. Plaintiff testified that subsequent to his alleged fall, he did not return inside the Epic facility to inform Mr. Whitaker or other Epic employees that he had been injured. Plaintiff testified that he attempted to telephone defendant-employer to notify them of his injury, but was unable obtain reception on his cellular phone. Initially, plaintiff believed he had only sustained a *Page 5 
sprain at Epic. He testified as to the condition of his arm after his fall at Epic, stating: [I]t didn't really look bad, really swollen or nothing . . . a slight hump on my arm. But by the time I got to Saunders, it was starting to swell at that point." Plaintiff testified that his arm did not start to hurt until he was at Saunders Supply and that it was at that time that he realized the extent and severity of his injury. Plaintiff's testimony regarding the circumstances of his March 25, 2009 injury and the events immediately thereafter is accepted as being credible by the Commission.
6. Defendants have asserted that plaintiff's injury occurred while at Saunders Supply and not while in the course and scope of his employment at Epic. Defendants have offered the testimony of Tim Bailey, the manager of Saunders Supply. Mr. Bailey could not testify as to witnessing any event or incident occurring at Saunders Supply during which plaintiff injured his arm or wrist, but did state that plaintiff did not appear to be injured when he was initially inside Saunders Supply. Mr. Bailey testified that when he later saw plaintiff in the yard of Saunders Supply, plaintiff appeared pale and stated to Mr. Bailey that he may have broken his arm. In considering the testimony of Mr. Bailey, the Full Commission finds that it is consistent with plaintiff's own testimony. Plaintiff testified that he was not in much pain when he first arrived at Saunders Supply, and that the pain and swelling began to worsen while he was there. In fact, plaintiff admitted during his testimony that he told Mr. Bailey his arm hurt and stated to Mr. Bailey: "Hey, I think I broke my arm." However, at no time did plaintiff state he broke his arm at Saunders Supply. Thus, the Full Commission finds that the testimony of Mr. Bailey, taken as credible, does not contradict plaintiff's version of the events as they occurred on March 25, 2009.
7. Although it is undisputed that plaintiff was at Saunders Supply shortly after he contends his injury occurred, and that he admitted to Mr. Bailey that his arm was hurting at that time and possibly broken, the Full Commission finds there to be insufficient evidence of record *Page 6 
that his injury occurred there as opposed to when he was at Epic, working for defendant-employer.
8. The Full Commission finds that the circumstances of plaintiff's injury on March 25, 2009 constituted an interruption of his regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Thus, the Full Commission finds that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer involving his left arm and wrist on March 25, 2009.
9. Upon leaving Saunders Supply, plaintiff's left arm and wrist were more swollen, so he drove to an Urgent Care facility in Southern Pines. Upon arriving at that facility, defendant employer was notified that plaintiff was claiming to have sustained a work-related injury while at Epic.
10. After waiting for approximately one hour without being seen at Urgent Care, plaintiff was driven to the Emergency Room at Moore Regional Hospital by Mr. Tom Aquino, defendant-employer's General Manager.
11. After further evaluation, it was determined that plaintiff had sustained a closed comminuted left distal radius fracture. For treatment, plaintiff underwent surgery on March 30, 2009, which was performed by Dr. Neil Conti. This procedure involved setting the fracture and placing a plate with screws over the area of the fracture.
12. The condition for which plaintiff received treatment from Dr. Conti, including the March 30, 2009 surgery, was the direct and natural result of and causally related to his March 25, 2009 injury by accident.
13. On June 12, 2009, Dr. Conti released plaintiff to return to light-duty work. Plaintiff was later released to return to full-duty work on July 13, 2009. *Page 7 
14. Based upon the credible medical and vocational evidence of record, and as a result of his March 25, 2009 injury by accident and causally related surgery, the Full Commission finds that plaintiff was unable to earn any wages in his position with defendant-employer or in any other employment for the period of March 25, 2009 to June 12, 2009.
15. There is insufficient evidence of record upon which to find that upon returning to light-duty work for defendant-employer, plaintiff earned less than his regular wages.
16. Pursuant to the Industrial Commission Form 22 Wage Chart which is part of the record of evidence, plaintiff's applicable average weekly wage is $1065.65, yielding a compensation rate of $704.47.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On March 25, 2009, plaintiff's average weekly wage is $1065.65, yielding a compensation rate of $704.47. N.C. Gen. Stat. § 97-2(5).
2. A claimant bears "the burden of proving each and every element of compensability." Holley v. ACTS, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003) (citing Harvey v. RaleighPolice Dept.,96 N.C. App. 28, 384 S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989).
3. To be compensable under the Act, an injury "must result from an accident, which is considered as a separate event preceding and causing the injury; the mere fact of injury does not of itself establish the fact of accident." Bigelow v. Tire Sales Co.,12 N.C. App. 220, 182 S.E. 856 (1971). There must be an accident, followed by an injury by such accident which *Page 8 
results in harm to the claimant before the claimant may be compensated. Jackson v. North Carolina State HighwayCommission, 272 NC App 697, 158, S.E. 2d 865 (1968). An accident involves the interruption of the work routine and the introduction of thereby "unusual conditions likely to result in unexpected consequences." Poe v. Acme Blders,69 N.C. App. 147, 316 S.E.2d 338, cert. denied,311 N.C. 762, 321 S.E.2d 143 (1984).
4. On March 25, 2009, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer involving his left arm and wrist. Id.; N.C. Gen. Stat. § 97-2(6).
5. Based upon the credible medical and vocational evidence of record, and as a result of his March 25, 2009 injury by accident and causally related surgery, plaintiff is entitled to be paid by defendants total disability compensation at the rate of $704.47 for the period March 25, 2009 to June 12, 2009. N.C. Gen. Stat. § 97-29; Russell v. Lowe's ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
6. As a result of his March 25, 2009 injury by accident and causally related surgery, plaintiff is entitled to have defendants pay for all related medical expenses incurred or to be incurred, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including expenses associated with the treatment provided by and surgery performed by Dr. Conti, when the medical bills have been approved according to established Industrial Commission procedures. N.C. Gen. Stat. §§ 97-25; 97-25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 9 
 AWARD
1. Based upon the credible medical and vocational evidence of record, and as a result of his March 25, 2009 injury by accident and causally related surgery, plaintiff is entitled to be paid by defendants total disability compensation at the rate of $704.47 for the period March 25, 2009 to June 12, 2009. Having accrued, this compensation shall be paid to plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. Defendant shall pay for all related medical expenses incurred or to be incurred by plaintiff as a result of his March 25, 2009 injury by accident and causally related surgery, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including expenses associated with the treatment provided by and surgery performed by Dr. Conti, when the medical bills have been approved according to established Industrial Commission procedures.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded herein is approved for counsel for plaintiff. Because compensation upon which this fee is based has accrued, the fee shall be deducted from the amounts due plaintiff and paid directly to counsel for plaintiff.
4. Defendant shall pay the costs.
This __ day of September 2010.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE *Page 10 
COMMISSIONER
DISSENTING:
 S/___________________ STACI T. MEYER COMMISSIONER *Page 11