LUCILLE POLLOCK FANN, EMPLOYEE, PLAINTIFF v. BURLINGTON INDUSTRIES, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8110IC1424

(Filed 16 November 1982)

**Master and Servant § 68— workers' compensation—absence of occupational disease and disability—sufficiency of evidence**

    The evidence supported findings by the hearing commissioner that (1) plaintiff has not suffered a compensable occupational disease in that plaintiff's work environment did not cause or exacerbate her bronchiectasis or chronic bronchitis and (2) plaintiff is not disabled.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 14 January 1981. Heard in the Court of Appeals 14 October 1982.

This action involves a claim by plaintiff for disability benefits under the Workers' Compensation Act for bronchiectasis and

chronic bronchitis allegedly aggravated by exposure to cotton dust during her employment at Burlington Industries. Plaintiff was first employed by Burlington Industries in 1954 when she worked in the weave room at their Fayetteville plant. She worked there until June 1961. Then she worked in a sewing room for a year and a half. From March 1964 to June 1975, she worked in the weave room. In September 1975, she began working in the Erwin plant. She quit in April 1977. When plaintiff worked in the Fayetteville plant, the mill processed exclusively synthetic yarns, except for a brief period in the 1950's. The Erwin plant processed cotton.

Plaintiff began to have health problems in 1968, when she experienced hemoptysis (coughing up blood). Since then, she has recurrent episodes of hemoptysis, recurrent respiratory infections, and a chronic productive cough. Plaintiff suffers from bronchiectasis, which is a disease of the large airways resulting in permanent damage to the bronchi. The symptoms are chronic cough, frequent episodes of hemoptysis, and frequent respiratory infections. She also suffers from chronic bronchitis, in which the principal symptom is a chronic productive cough.

The Deputy Commissioner denied plaintiff's claim on two grounds. He found that she failed to show that she suffered from a compensable occupational disease, and she failed to show that she is disabled. He found the following pertinent facts:

6. Plaintiff has contracted the disease bronchiectasis, which is a disease of the large airways, unlike obstructive lung disease which is a small airway disease, and which disease (bronchiectasis) results in permanent destructive changes in the bronchi (of the lungs) and, more particularly, dilation and destruction of the wall of the bronchi. The symptoms of such disease are those which the claimant initially began to experience during the year 1968, namely, chronic productive cough, frequent episodes of hemoptysis and frequent respiratory infections. Generally speaking such disease is caused either by a particular individual's susceptibility thereto or by respiratory infection, however, the actual and exact cause in the plaintiff's case is unknown; however this disease (bronchiectasis) was not caused by the disease chronic bronchitis, from which the claimant also suffers, *nor was this*

*disease (bronchiectasis) caused by claimant's occupational exposure to either respirable cotton and/or synthetic dusts but rather the underlying disease (bronchiectasis) developed independently of such occupational exposure.*

In addition to the disease bronchiectasis and as aforesaid, claimant has contracted the disease chronic bronchitis, a chronic obstructive lung disease of the small airways, whose principal symptoms is chronic productive cough. Although textile mill workers exposed to respirable cotton dust in the carding, spinning and weaving departments of a textile mill are exposed to an increased risk of contracting this disease unlike textile mill workers exposed exclusively to synthetic fibers or those who work in other areas of the mill who are not so exposed to such greater risk, *the claimant's chronic bronchitis developed prior to her initial exposure to the potential hazards of respirable cotton dust,* the development thereof being contemporaneous with and as a direct and natural result and concomitant part of her bronchiectasis which, as aforesaid, developed independently of her work environment. (Emphasis added.)

The Commission affirmed the Deputy Commissioner's findings of fact and conclusion of law.

*Hassell, Hudson and Lore, by Robin E. Hudson, for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell and Jernigan, by C. Ernest Simons, Jr., and Steven M. Sartorio, for defendant appellees.*

ARNOLD, Judge.

Plaintiff's first assignment of error is that the Industrial Commission erred in finding that her claim is not compensable.

In general, the rule is that findings of fact made by the Commission are conclusive on appeal when supported by competent evidence, even when there is evidence to support contrary findings of fact. *Morrison v. Burlington Industries,* 304 N.C. 1, 282 S.E. 2d 458 (1981). G.S. 97-53 lists the occupational diseases which are compensable. Section 13 provides:

Any disease, other than hearing loss covered in another sub-division of this section, which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment.

For an occupational disease to be compensable under G.S. 97-53(13), two conditions must be met: It must be due to causes and conditions characteristic and peculiar to the employment; and the particular employment conditions must place the worker at greater risk than the general public of contracting the disease. *Booker v. Duke Medical Center*, 297 N.C. 458, 256 S.E. 2d 189 (1979).

This rule was fully explained in *Morrison v. Burlington Industries*, 304 N.C. 1, 18, 282 S.E. 2d 458, 470 (1981):

> (1) [A]n employer takes the employee as he finds her with all her pre-existing infirmities and weaknesses. (2) When a pre-existing, *nondisabling, non-job-related* condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment or by an occupational disease so that disability results, then the employer must compensate the employee for the entire resulting disability even though it would not have disabled a normal person to that extent. (3) On the other hand, when a pre-existing, non-disabling, non-job-related disease or infirmity eventually causes an incapacity for work without any aggravation or acceleration of it by a compensable accident or by an occupational disease, the resulting incapacity so caused is not compensable. (4) When a claimant becomes incapacitated for work and part of that incapacity is caused, accelerated or aggravated by an occupational disease and the remainder of that incapacity for work is not caused, accelerated or aggravated by an occupational disease, the Workers' Compensation Act of North Carolina requires compensation only for that portion of the disability caused, accelerated or aggravated by the occupational disease.

In this case, there was medical evidence tending to show that plaintiff's work environment did not cause or exacerbate her condition. According to the medical report:

Although it is certainly possible that exposure to dusty environmental conditions of any sort could exacerbate this problem once it has developed, I am not aware of evidence which could link her work environment to the development of this condition. In addition, the history given by Mrs. Fann suggests that she was working with synthetic fabrics during most of the time she was employed in Fayetteville although apparently cotton blends were also produced. It was only during the 1½ years that she was at the Erwin Mill that she was working exclusively with cotton. Therefore the intensity and duration of her exposure to cotton dust is not clear. . . . Therefore Mrs. Fann does not exhibit objective evidence of the obstructive pulmonary impairment which is usually associated with cotton dust related obstructive lung disease or byssinosis. In conclusion it is my opinion that Mrs. Fann does not have pulmonary disease or impairment which can be related to her occupation.

This evidence clearly supports the Commissioner's finding of fact that plaintiff's disease is not compensable.

Plaintiff's second assignment of error is that the Commission erred in finding that she was not disabled. We find that the evidence supported this finding. On cross-examination, the medical doctor said:

The bronchiectasis, I feel like this plays a limitation on the type of environment she should work but beyond that she could perform any type of work. I think she should try to avoid heavy dust or smoke exposure or things like this. I don't know that she would need to maintain the same type of very strict dust precautions, for instance, of a person who was allergic to house dust. I'm thinking about heavy concentration of airborne dust or smoke, other types of fumes, adverse cold, damp weather, things of this type. She shouldn't be a fire fighter or something like that.

For the reasons stated, we affirm the finding of the Industrial Commission.

Affirmed.

Judges WELLS and HILL concur.