* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Gillen with modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS 1. Plaintiff's alleged date of injury was on or about August 19, 2005. *Page 2 
2. On August 19, 2005 an employer-employee relationship existed between plaintiff and defendant. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. Defendant is self-insured for purposes of Workers Compensation and its claims are administered by Sedgwick CMS, Inc.
4. All parties have been correctly designated and are properly before the Commission.
5. Plaintiff was hired by defendant on January 11, 2003 and was a 52 year-old front-end clerk at the time of the alleged accident.
6. Plaintiff's average weekly wage was $301.37 resulting in a weekly compensation rate of $200.92.
7. The following were stipulated into evidence:
 a. The Pre-Trial Agreement marked as stipulated exhibit 1.
 b. A compilation of Industrial Commission Forms as well as discovery requests and responses marked as stipulated exhibit 2.
 c. A two-page document reciting stipulations regarding the video evidence marked as stipulated exhibit 3.
 d. Plaintiff's medical records, collectively paginated 1-112 and marked as stipulated exhibit 4.
 e. Plaintiff's pre-hearing deposition taken February 21, 2007.
 f. The pre-hearing deposition of Dr. Theodore Pitts taken March 9, 2007.
 * * * * * * * * * * *
Entered into evidence during the hearing were: *Page 3 
 a. A transcript of plaintiff's recorded statement taken August 29, 2005 marked as defendant's exhibit 1.
 b. Defendant's store video marked as defendant's exhibit 2.
 * * * * * * * * * * * ISSUE PRESENTED
Whether plaintiff suffered a compensable injury by accident or specific traumatic incident on August 19, 2005, and, if so, to what medical treatment and/or workers' compensation disability benefits is plaintiff entitled, if any?
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was born on September 16, 1952. Plaintiff is a high school graduate who also holds a State childcare provider license. Her employment history includes working for other grocery stores as well as experience in the childcare business. Plaintiff was taking a business course at the time of the hearing before the deputy commissioner.
2. As of August 19, 2005, plaintiff had worked for defendant as a cashier for over two years. As part of plaintiff's duties as a cashier plaintiff was routinely required to bag groceries and lift heavy objects that customers purchased in the store.
3. Plaintiff testified that while working for defendant as a cashier on August 19, 2005 between 1:30 p.m. and 1:45 p.m., she lifted a 12-pack of beer and felt a pop in her neck, felt significant needle-like pain down both arms and back, and became unable to move her right arm. Plaintiff further testified that the pain was so severe that she was crying and physically *Page 4 
unable to continue working. Plaintiff clocked out at 2:05 p.m. on this same date and was taken home. Plaintiff has not returned to work for defendant, but has returned to work operating a childcare business.
4. On August 19, 2005 the day of the alleged incident, Craig DeBerry, the store manager was out of the store. When Mr. DeBerry returned to the store later that same day, he learned that plaintiff had reported injuring her shoulder lifting a bag of dog food as reported in defendant's Form 19 Employer's Report of Employee's Injury or Occupational Disease. All cashier stations in the store in question were individually covered at all times by a surveillance camera. After plaintiff reported her alleged injury, Mr. Deberry copied the video recording of plaintiff's cashier station for the date in question onto a DVD. Mr. Deberry has performed this process numerous times during the five years that this video system has been in use. Mr. Deberry further testified that the cashier depicted on the video from approximately 9:30 a.m. to 1:55 p.m. on August 19, 2005 is plaintiff.
5. Although plaintiff denies that she is the cashier in the video, plaintiff and defendants, via stipulated exhibit 3, agreed to certain facts with regard to the video. The video was entered into evidence as defendants' exhibit 2. The parties stipulated that the individual depicted in the recording did not lift any beer packages greater than six-packs from 11:00 a.m. to 1:55 p.m. The parties also stipulated that the individual in the recording checked out seven customers between 1:30 p.m. and 1:55 p.m., and at no time appears to experience any incident or signs of pain, or to have any difficulty moving her right arm. Further, the parties agreed that the person in the video left the register at 1:55 p.m. and did not return to the register at any time that day. *Page 5 
6. Based upon the greater weight of the evidence, the Full Commission finds that the cashier depicted on the video is plaintiff. During plaintiff's pre-hearing deposition, plaintiff testified that the customer she was checking out when her alleged accident occurred was a tall white male in his late forties. At no time during the timeframe in which plaintiff alleges she was injured on the date in question does the video depict a customer of this description at plaintiff's register. Furthermore, plaintiff's movements on the video are smooth and unencumbered. Several times after 1:30 p.m. on the date in question, including multiple times after 1:45 p.m., plaintiff bagged containers holding a gallon of fluid. In each case plaintiff performed a complex and rapid double bagging movement while holding and lifting the gallon of fluid unassisted in her right hand. At no time on the video does plaintiff appear to be in pain, crying, or unable to use her right arm. Plaintiff's movements and mannerisms in checking out her last customer of the day are identical to those prior to 1:30 p.m.
7. Subsequent to leaving work on August 19, 2005, plaintiff was evaluated at Durham Regional Hospital for neck and right shoulder pain. The note from this August 19, 2005 visit indicates that plaintiff had had this problem before and was evaluated on August 8, 2005 for neck pain and shoulder pain. Plaintiff testified that this portion of this stipulated medical record is incorrect. She testified that she underwent a right rotator cuff repair in 2000 performed by Dr. Theodore Pitts. Plaintiff specifically testified, however, that aside from a brief period of physical therapy in 2000, she did not have any pain in the right shoulder following surgery, and that she received no medical treatment for the right shoulder from 2000 until August 19, 2005.
8. Plaintiff's additional medical records are contrary to and call into question plaintiff's testimony. Dr. Pitts' medical notes document that plaintiff received treatment for right rotator cuff syndrome, including the administration of a right shoulder injection, on July 26, *Page 6 
2005. In his deposition Dr. Pitts confirmed that he saw plaintiff on July 26, 2005, that he diagnosed her with right rotator cuff syndrome, and that he treated her right shoulder with an injection on that date. Plaintiff responded to these sworn statements by testifying that Dr. Pitts gets patients confused.
9. Plaintiff's testimony is further contradicted by a note from Durham Regional Hospital dated August 10, 2005 documenting that plaintiff was experiencing right shoulder pain and tingling in her right arm. This medical record further indicates that a diagnostic imaging scan of plaintiff's right arm and shoulder area and cervical spine was taken on August 10, 2005 revealing only degenerative changes of the right C6-7 facet joint. The scan did not reveal any evidence of fractures or dislocation.
10. On September 22, 2005 plaintiff underwent an MRI of her right shoulder that revealed a rotator cuff tear and anterior labral tear. Plaintiff underwent a second right rotator cuff repair on October 12, 2005. Dr. Pitts testified that the event that led to the right rotator cuff tear and herniated disk could have occurred before the July 26, 2005 evaluation, and that it is possible for a patient who has undergone prior rotator cuff surgery to develop a subsequent tear as a result of the first surgery or as a result of degeneration.
11. Plaintiff's testimony regarding the circumstances surrounding her alleged injury of August 19, 2005, as well as prior and subsequent related events, is inconsistent with the documentary evidence and is found not credible.
12. Although Dr. Pitts testified that plaintiff's alleged August 19, 2005 accident caused a herniated disk at C3-4 in plaintiff's cervical spine and a rotator cuff tear, Dr. Pitts' opinion relies on the veracity of plaintiff's version of the events surrounding her right shoulder condition and the alleged accident on August 19, 2005. Therefore, as plaintiff's testimony *Page 7 
regarding the alleged accident is found incredible, the Full Commission affords little weight to Dr. Pitt's testimony regarding the causation of plaintiff's cervical and shoulder problems.
13. The task described by plaintiff as causing her pain on August 19, 2005 was not abnormal and, furthermore, was completed regularly as part of her normal job. Plaintiff described no interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
14. The credible evidence of record does not demonstrate a cognizable time at which plaintiff injured her neck or shoulder on August 19, 2005.
15. Dr. Pitts specifically testified that plaintiff's job as a cashier did not place plaintiff at a greater risk of incurring a rotator cuff tear as compared to the general public.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In workers' compensation cases, plaintiff has the burden of proving every element of compensability. As part of this burden, plaintiff must present convincing evidence establishing these elements. Whitfield v.Lab Corp. of Amer., 158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003);Harvey v. Raleigh Police Department, 96 N.C. App. 28, 384. S.E.2d 549,disc. rev. denied, 325 N.C. 706, 388 S.E.2d 454(1989); Gaddy v.Kern, 17 N.C. App. 680, 683, 195 S.E.2d 141, 143, cert. denied283 N.C. 585, 197 S.E.2d 873
(1973). Furthermore, the mere fact of injury does not of itself establish the fact of a compensable accident. Key v.Wagner Woodcraft, Inc., 33 N.C. App. 310, 235 S.E.2d 254 (1977).
2. Expert opinion that rests on speculation and conjecture, or unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of the *Page 8 
injury. Young v. Hickory Bus. Furn., 353 N.C. 277, 538 S.E.2d 912
(2000). As Dr. Pitts' testimony regarding the causation of plaintiff's cervical and shoulder condition was based upon unproven facts presented by plaintiff, Dr. Pitts' opinion is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of plaintiff's injuries.
3. In this case, plaintiff's alleged injury, as she described it, occurred under normal working conditions and involved the carrying on of her usual and customary duties in the usual way. There was no description of an interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Plaintiff, therefore, did not describe a compensable injury by accident. N.C. Gen. Stat. § 97-2(6); Pitillo v. N.C. Dep't ofEnvtl. Health and Natural Res. 151 N.C. App. 641 (2002); Poe v. AcmeBldrs., 69 N.C. App. 147, 316 S.E.2d 338, cert. denied, 311 N.C. 762,321 S.E.2d 143 (1984); Davis v. Raleigh Rental Center, 58 N.C. App. 113,292 S.E.2d 763 (1982).
4. In this case, given that plaintiff did not establish by the greater weight of the evidence that an event occurred involving her neck within a judicially cognizable time and given that plaintiff did not prove a causal connection between any such alleged event and her neck condition, plaintiff did not prove by the greater weight of the evidence that her alleged neck injury was the direct result of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6). Chambers v.Transit Mgmt., 360 N.C. 609, 636 S.E.2d 553 (2006).
5. In this case, plaintiff has failed to meet her burden of proving by the greater weight of the evidence that she sustained a compensable injury by accident arising out of and in the course of her employment with defendant on or about August 19, 2005, or that she sustained a compensable specific traumatic incident of the work assigned on or about August 19, 2005. N.C. Gen. Stat. § 97-2(6); Whitfield v. Lab Corp. ofAmer., 158 N.C. App. 341, 350, *Page 9 581 S.E.2d 778, 784 (2003); Harvey v. Raleigh Police Department,96 N.C. App. 28,384. S.E.2d 549, disc. rev. denied, 325 N.C. 706, 388 S.E.2d 454(1989);Gaddy v. Kern, 17 N.C. App. 680, 683, 195 S.E.2d 141, 143, certdenied 283 N.C. 585, 197 S.E.2d 873 (1973).
6. In order for an occupational disease to be compensable under N.C. Gen. Stat. § 97-53(13), plaintiff must prove that the disease is characteristic of individuals engaged in the particular trade or occupation in which the plaintiff was engaged, that the disease is not an ordinary disease of life to which the public is equally exposed, and that there exists a causal relationship between the disease and the plaintiff's employment. N.C. Gen. Stat. § 97-53(13); Rutledge v. TutlexCorp., 308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983). Fann v. BurlingtonIndust., 59 N.C.App. 512, 296 S.E.2d 819 (1982); Booker v. Duke MedicalCenter, 297 N.C. 458, 256 S.E.2d 189 (1979).
7. In this case, plaintiff has not proven by the greater weight of the evidence that her employment with defendant placed her at greater risk than the general public of contracting an occupational disease or that her employment with defendant caused her to contract an occupational disease. N.C. Gen. Stat. § 97-53(13); Rutledge v. Tutlex Corp.,308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983), Fann v. Burlington Indust.,59 N.C.App. 512, 296 S.E.2d 819 (1982); Booker v. Duke Medical Center,297 N.C. 458, 256 S.E.2d 189 (1979).
8. Given the foregoing findings of fact and conclusions of law, plaintiff's claim is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1, et seq.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 10 
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 31st day of January, 2008.
S/______________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
S/______________________ DIANNE C. SELLERS COMMISSIONER
S/______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1